```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

JOSE LUIS RODRIGUEZ, JR.,
individually and on behalf
of all others similarly
situated,

        Plaintiff,
v.                                  Case No. 8:20-cv-2129-T-33JSS

GRANITE SERVICES
INTERNATIONAL, INC, and
FIELDCORE SERVICES SOLUTIONS,
LLC,

        Defendants.
_____/
```

**ORDER**

This matter comes before the Court upon consideration of Defendants Granite Services International, Inc., and FieldCore Services Solutions, LLC's Motion to Dismiss or, in the alternative, Motion to Stay, filed on October 13, 2020. (Doc. # 16). Plaintiff Jose Luis Rodriguez, Jr., responded on November 10, 2020. (Doc. # 24). For the reasons below, the Motion is denied as moot. Instead, the Court transfers this case to the Northern District of Texas, Amarillo Division.

**I.    Background**

Rodriguez worked as a technical advisor for Granite Services, which was later rebranded as FieldCore, from April 2016 to August 2019. (Doc. # 1 at ¶¶ 1, 14). Rodriguez alleges

1

that he and other hourly employees were paid "the same hourly rates for all hours worked[,] including those in excess of [forty] in a workweek." (Id. at ¶¶ 4, 8).

Rodriguez filed this hybrid collective and class action on September 10, 2020. (Doc. # 1). Rodriguez seeks to certify an FLSA class under 29 U.S.C. § 216(b) on behalf of all Granite Services and FieldCore employees "who were paid straight time for overtime" in the past three years, excluding Environment, Health, and Safety (EHS) employees. (Id. at ¶ 20). Rodriguez also seeks to certify a class under Federal Rule of Civil Procedure 23 on behalf of Granite Services and FieldCore employees working in California "who were paid straight time for overtime" in the past four years, excluding EHS employees. (Id. at ¶ 21).

The complaint includes claims against Defendants for violations of the FLSA (Count I), failure to pay wages under California law (Count II), failure to provide compensation for missed meal and rest periods (Count III), violations of recordkeeping requirements (Count IV), waiting time penalties (Count V), and violations of unfair competition law (Count VI). (Doc. # 1).

On October 13, 2020, Defendants moved to dismiss the complaint for lack of subject-matter jurisdiction or, in the

alternative, for lack of personal jurisdiction or a stay pending resolution of two related cases in the Northern District of Texas. (Doc. # 16). Rodriguez responded (Doc. # 24), and the Motion is now ripe for review.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case[.]" Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is based on the face of the pleadings, the Court merely determines whether the plaintiff has sufficiently alleged a basis for subject-matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

Conversely, with factual attacks, the Court assesses the arguments asserted by the parties and the credibility of the

3

evidence presented. See Garcia v. Copenhaver, Bell, & Assocs., 104 F.3d 1256, 1260-61 (11th Cir. 1997). "In resolving a factual attack, the district court may consider extrinsic evidence[.]" Morrison, 323 F.3d at 924 n.5.

"A plaintiff bears the burden of demonstrating that the Court has jurisdiction." Alvey v. Gualtieri, No. 8:15-cv-1861-T-33AEP, 2016 WL 6087874, at *2 (M.D. Fla. Oct. 18, 2016). Courts may dismiss cases pursuant to Rule 12(b)(1) upon finding that the plaintiff's claims are "clearly immaterial, made solely for the purpose of obtaining jurisdiction[,] or are wholly unsubstantiated and frivolous." Lawrence, 919 F.2d at 1530 n.7 (quoting Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 734 (11th Cir. 1982)).

### III. Analysis

Defendants argue that the complaint should be dismissed for lack of subject-matter jurisdiction under the first-filed rule because "two similar earlier-filed actions are pending in the Northern District of Texas." (Doc. # 16 at 6). In the alternative, Defendants seek dismissal for lack of personal jurisdiction or an order staying the case pending resolution of the Texas actions. (Id.). Because the Court finds that the first-filed rule applies, it need only address this argument.

Under the first-filed rule, when "two actions involving


overlapping issues and parties are pending in two federal courts, there is a strong presumption . . . [favoring] the forum of the first-filed suit[.]" Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005). "Application of the . . . rule lies within the discretion of the district court where the later action was filed." Czupryna v. Uncle Julio's Corp., No. 16-80821-CIV-ZLOCH, 2016 WL 10954509, at *1 (S.D. Fla. Aug. 17, 2016) (citing Collegiate Licensing Co. v. Am. Cas. of Reading, Pa., 713 F.3d 71, 77-79 (11th Cir. 2013)). "The 'first to file' rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." AAMP of Fla., Inc. v. Audionics Sys., Inc., No. 8:12-cv-2922-T-33TGW, 2013 WL 1104889, at *2 (M.D. Fla. Mar. 18, 2013) (citation omitted). Accordingly, the first-filed court generally decides whether the second-filed case should ultimately be stayed, dismissed, or transferred. Burns v. MLK Express Servs., LLC, No. 2:18-cv-625-FtM-32MRM, 2020 WL 1891175, at *5 (M.D. Fla. Apr. 16, 2020) (citing Collegiate, 713 F.3d at 78).

Courts consider three factors in determining whether to apply the first-filed rule: "(1) the chronology of the two

actions; (2) [the] identity of the parties; and (3) the similarity of the issues." Id. (citation omitted). "[T]he parties and issues need not be identical, but rather the parties and issues should substantially overlap." Lott v. Advantage Sales & Mktg. LLC, No. 2:10-cv-980-JEO, 2011 WL 13229682, at *2 (N.D. Ala. Jan. 26, 2011).

"Once a party shows that the two cases substantially overlap, the Eleventh Circuit 'requires that the party objecting to jurisdiction in the first-filed forum carry the burden of proving compelling circumstances to warrant an exception to the first-filed rule.'" Burns, 2020 WL 1891175, at *3 (quoting Manuel, 430 F.3d at 1135). The purpose of this rule is "to promote judicial economy, protect against inconsistent judgments, and avoid fragmentary determinations." Id. at *4. Importantly, a number of federal courts have found that the first-filed rule "is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." Ortiz v. Panera Bread Co., No. 1:10-CV-1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) (collecting cases).

Here, Defendants argue that the instant case "is the

third substantially similar case that . . . Rodriguez's attorneys . . . have filed against [Defendants] alleging wage and hour violations under the [FLSA]," thus warranting application of the first-filed rule. (Doc. # 16 at 6). The first similar case, Greinstein v. Granite Servs. Int'l, Inc., No. 2:18-cv-208-Z-BR (N.D. Tex. filed Nov. 2, 2018), is a putative FLSA collective action that was initially filed in the Northern District of Texas in November 2018. In the second amended complaint, filed on March 3, 2020, Plaintiff Herman Greinstein defined the FLSA class as: "All [EHS] employees of FieldCore and Granite Services who were paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single work week, (or, 'straight time for overtime') at any point in the last [three] years." Id. (Doc. # 87). Greinstein's motion for conditional class certification is currently pending. Id. (Doc. # 97). Because Rodriguez's complaint excludes EHS employees from the proposed classes, these two cases arguably do not substantially overlap.

The second similar case, Trottier v. FieldCore Servs. Sols., LLC, No. 2:20-cv-77-PA-JC (C.D. Cal. filed Jan. 3, 2020), is a putative FLSA collective and class action that was initially filed in January 2020 in the Central District

of California. There, Plaintiff Martin Trottier defined the FLSA class as "All employees of FieldCore and Granite (except for EHS employees) in the past three years who were paid 'straight time for overtime.'" Id. (Doc. # 1). Trottier also proposes two Rule 23 classes, one for all non-EHS FieldCore and Granite employees who worked in California and were paid straight time for overtime in the past four years, and another for those working in New York in the past six years. Id. On August 3, 2020, the court transferred the case to the Northern District of Texas under 28 U.S.C. § 1404(a), finding that transfer would "better serve the interests and convenience of the parties and witnesses," but declining to address whether transfer would also be appropriate under the first-filed rule. Id. (Doc. # 42). No motion for class certification has yet been filed. Trottier v. FieldCore Servs. Sols., LLC, No. 2:20-cv-186-Z-BR (N.D. Tex. filed Jan. 3, 2020).

Based on the factors expounded in Burns, the Court finds that the first-filed rule is applicable here because of the earlier-filed case, Trottier. See Burns, 2020 WL 1891175, at *3 ("The first-filed rule analysis considers three factors: (1) the chronology of the two actions; (2) [the] identity of the parties; and (3) the similarity of the issues." (citation omitted)). The first factor is satisfied because Trottier was

filed in January 2020 and the instant case was filed approximately nine months later, on September 10, 2020. See Id. ("There is no dispute that the first factor is satisfied. Gibbs was first filed on June 18, 2018. Burns was filed three months later.").

Regarding the second factor, both Trottier and this case involve the same defendants – Granite Services and FieldCore. Although Jose Luis Rodriguez, Jr., the named plaintiff in this case, seemingly is not currently a party to the Trottier case, Rodriguez still has the opportunity to join that case. Indeed, Rodriguez falls squarely within the putative class, as defined by the complaint in Trottier. Accordingly, the parties are substantially similar for purposes of the first-filed rule. See Ortiz, 2011 WL 3353432, at * 2 ("The parties in these two cases are identical. Panera is the defendant employer in both actions. Both Ortiz and the Lewis Plaintiffs seek to represent the exact same class of current and former Assistant Manager employees who worked at Panera stores nationwide during the past three years.").

Finally, the issues in both cases substantially overlap. Both Trottier and this suit propose an FLSA collective action of non-EHS FieldCore and Granite Services employees who were paid "straight time for overtime" in the past three years.

9

(Doc. # 1 at ¶ 20; Doc. # 16 at 8-9). Both complaints also propose Rule 23 classes for non-EHS FieldCore and Granite Services employees who worked in California in the past four years and were paid "straight time for overtime." (Doc. # 1 at ¶ 21). Additionally, Trottier includes all of the causes of actions alleged in the instant case. Trottier, No. 20-cv-186-Z-BR (Doc. # 1) (including a cause of action for violations of the FLSA (Count I), failure to pay wages under California Law (Count II), failure to provide compensation for missed meal and rest periods (Count III), violations of record keeping requirements (Count IV), waiting time penalties (Count V), and violations of unfair competition law (Count VI)). Therefore, the factors favor application of the first-filed rule. See Goldsby v. Ash, No. 2:09-cv-975-TFM, 2010 WL 1658703, at *4 (M.D. Ala. Apr. 22, 2010) ("Both actions seek certification of the same class. . . . Based on the above, the Court finds that the case is due to be transferred under the first-filed rule."); see also Ortiz, 2011 WL 3353432, at *3 (applying the first-filed rule because "[b]oth cases [sought] the same relief under the same substantive law while requesting certification of the same putative class").

Additionally, although Rodriguez argues that Trottier

10

does not substantially overlap with this case because a proposed first amended complaint in that case purports to cover only employees who were paid under a particular pay policy, the complaint in Trottier contains no such distinction. (Doc. # 24 at 7-8); Trottier v. FieldCore Servs. Sols., LLC, No. 2:20-cv-186-Z-BR (N.D. Tex. filed Jan. 3, 2020) (Doc. # 1). Therefore, this argument is irrelevant at this juncture, and Rodriguez has not carried his burden of proving that any exception to the presumption in favor of the first-filed rule applies. See Castillo v. Taco Bell of Am., LLC, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) ("Plaintiff's assertion that this case will accept as plaintiffs only those who have not opted [into] Whittington makes this litigation no less piecemeal. The class description is the same, as are the potential plaintiffs — whether or not they have decided to opt-in to Whittington. Also identical is the relief sought – the payment of overtime compensation.").

Accordingly, the Court finds that application of the first-filed rule is appropriate here. Indeed, "it would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action." Id. at 405. However, the Court finds that transfer to the Amarillo Division of the

Northern District of Texas – the court ultimately responsible for determining the application of the first-filed rule – is the appropriate remedy for the relief sought in Defendants' Motion, not dismissal. See AAMP, 2013 WL 1104889, at *3 ("Because the parties do not dispute that the instant action post-dates the California action, and because this Court finds a likelihood of substantial overlap between the two cases, . . . the Central District of California is the appropriate court to decide whether AAMP's Florida action should be allowed to proceed[.]"); see also Savage v. Seterus, Inc., No. 2:19-CV-14256, 2020 WL 230982, at *3 (S.D. Fla. Jan. 15, 2020) ("When the first-filed rule applies, the proper course is to transfer the second-filed case to the first-filed court to determine how the cases should proceed. A transfer of a case under the first-filed rule does not depend on the presence or absence of 28 U.S.C. § 1404(a) considerations." (citations omitted)). The Northern District of Texas will then be able to determine whether this later-filed suit should be dismissed, stayed, or consolidated.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **TRANSFER** this action to the United States District Court for the Northern District

of Texas, Amarillo Division.

(2) Defendant Granite Services International, Inc., and FieldCore Services Solutions, LLC's Motion to Dismiss (Doc. # 16) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE